UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    **CENTRAL DIVISION AT LEXINGTON**

CHARLES DENVER BAKER,            )
                                 )
    Plaintiff,                   ) Civil Action No. 10-cv-188-JMH
                                 )
v.                               )
                                 )
BECTON, DICKINSON AND COMPANY,   ) **MEMORANDUM OPINION AND ORDER**
                                 )
    Defendant.                   )

                    **   **   **   **   **

This matter is before the Court upon Plaintiff's Objections to Order of June 30, 2011 [Record No. 32] and Defendant's Response to Plaintiff's Objections to Order of June 30, 2011 and Request for an Expedited Ruling [Record No. 33]. The Court having reviewed the record and being otherwise sufficiently advised, Plaintiff's Objections are now ripe for decision.

**I.   STANDARD OF REVIEW**

Federal Rules of Civil Procedure Rule 72 governs review of nondispositive matters referred to a magistrate and allows a party fourteen days to file an objection. Fed. R. Civ. P. 72. Provided the objection meets the deadline, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.;* *see also* 28 U.S.C. § 636. An order may be found clearly erroneous only if "it leaves the reviewing court with 'a definite and firm conviction that a mistake has been committed'" and the reviewing

court may not modify or set aside the Order "if there is any evidence to support the magistrate judge's finding and that [] finding was reasonable." *Tri-Star Airlines, Inc. v. Willis Careen Corp.*, 75 F. Supp. 2d 835, 839 (W.D. Tenn 1999) (citing *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985)).

## II. ANALYSIS

Plaintiff objects to Magistrate Judge Robert E. Wier's Order of June 30, 2011, which gives Defendant leave to examine Plaintiff for an additional 90 minutes covering "only the emails as to which no prior questioning occurred and the distinct areas of any damages, mitigation and written discovery to the extent Defendant has not already questioned Plaintiff about the same." [Record No. 29, p. 3]. Rule 30(d) governs the length of depositions and provides that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day or 7 hours." Fed. R. Civ. P. 30(d). In addition, "[t]he court must allow additional time consistent with Rules 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." *Id.* The party requesting the time "is expected to show good cause to justify such an order" and the court may consider a "variety of factors" including whether the examination involves a "witness [who] will be questioned about numerous or lengthy documents." Fed. R. Civ. P.

30 advisory committee notes (2000 Amendment).

The sheer amount of documents involved, particularly e-mail communications between Plaintiff and his supervisor Mr. Nugent, provided a reasonable basis for Magistrate Judge Wier's finding of good cause for an extension of time. Plaintiff argues Defendant should not get additional time as Defendant controlled the very e-mails Defendant now claims Defendant did not have time to review. [Record No. 32, p. 4]. This argument, however, fails to take into account its role in the delay through an overly broad demand that eventually led to another dispute that required a telephone conference with Magistrate Judge Wier on March 24, 2011. [Record No. 26-1, p. 1]. After much discussion, the parties reached an agreement wherein Plaintiff would provide Defendant with search terms to use to filter the e-mails just over a month before Plaintiff deposition. *Id.* Even with the search terms, however, Defendant argues the search produced "4,690 documents comprised of approximately 23,400 pages" from Mr. Baker and more than "14,000 documents comprised of approximately 70,000 pages" from Mr. Nugent. [Record No. 26, p.4]. Thus, this Court finds it reasonable for Magistrate Judge Wier to find the volume of pages produced so closely to the scheduled deposition showed good cause for an extension.

Though Plaintiff correctly argues that the Court must limit discovery if "the burden or expense of the proposed discovery

outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues," the Order of June 30, 2011 limits the granted additional time to key issues, such as "damages, mitigation, and written discovery to the extent Defendant has not already questioned Plaintiff about same." Fed. R. Civ. P. 26(b)(2)(C)(iii); [Record No. 29, p. 3]. When balancing these significant issues, therefore, against the minimal burden of ninety additional minutes and minimal travel on behalf of the deponent,[1] the Court finds that the Order of June 30, 2011 [Record No. 29] was not clearly erroneous and shall not modify or set aside that order.

**III. CONCLUSION**

Accordingly, **IT IS ORDERED** that Plaintiff's objections [Record No. 32] to Magistrate Judge Wier's Order of June 30, 2011 shall be, and the same hereby are, **OVERRULED**.

This the 20th day of July, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

---

[1] Defendant notes in its Response to Plaintiff's objections that "Plaintiff resides in the same city as the undersigned counsel's office." [Record No. 33, p. 2 n.2, 4]; *see also* [Record No. 1-1, p. 2] (showing Plaintiff's was served in Lexington, Ky.); [Record No. 33, p. 4] (listing the address of Defendant's attorney in Lexington, Ky.).

4