UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| CHARLES DENVER BAKER, | ) |
| Plaintiff, | ) Civil Action No. 5:10-CV-188-JMH |
| v. | ) |
| | ) **MEMORANDUM OPINION AND ORDER** |
| BECTON, DICKINSON AND COMPANY, | ) |
| Defendant. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

On November 7, 2011, Defendant, as the prevailing party in this matter, submitted to the Court a Bill of Costs in the amount of $6,187.44. [DE 68]. On November 9, 2011, the Clerk of Court taxed costs in the amount of $6,163.03 against Plaintiff. [DE 70]. That same day, Plaintiff filed a Motion for Reconsideration [DE 71], challenging the amount of costs awarded to Defendant. The Court then ordered Defendant to respond to Plaintiff's Motion for Reconsideration. [DE 72]. Defendant has now responded [DE 73] and Plaintiff has filed a reply to Defendant's response [DE 74]. Accordingly, this matter is now ripe for adjudication.

Defendant has agreed to withdraw its request for costs associated with expediting transcripts and, thus, the propriety of awarding those costs is no longer at issue. The only remaining issue concerns the costs incurred by Defendant in obtaining the deposition of Plaintiff's wife, Diana Baker. Plaintiff argues that

these costs are not recoverable because Diana Baker's deposition was "not used for summary judgment purposes."  The Court notes that the necessity of a deposition is determined at the time of its taking.  *Sales v. Marshall,* 873 F.2d 115, 123 (6th Cir. 1989). Further, there is a presumption in favor of awarding costs to the prevailing party and the losing party has the burden of overcoming that presumption.  *See Singleton v. Smith,* 241 F.3d 534, 539 (6th Cir. 2001); *White & White, Inc. v. Am. Hosp. Supply Corp.,* 786 F.2d 728, 732 (6th Cir. 1986).  Plaintiff has not overcome the presumption that costs for Diana Baker's deposition should be awarded to Defendant.  The Court is not persuaded that the deposition was irrelevant to the summary judgment motion. Plaintiff, in opposing Defendant's motion for summary judgment, relied on Diana Baker's deposition testimony.  And even if the deposition was not integral to Defendant's motion for summary judgment, it was indisputably relevant to other issues in the lawsuit, which Plaintiff brought against Defendant.  Accordingly, Defendant shall be awarded costs for the expenses incurred in taking the deposition of Diana Baker.

It is hereby **ORDERED:**

1) that Plaintiff's Motion for Reconsideration [DE 71] is **GRANTED IN PART** and **DENIED IN PART;**

2) that Defendant's Amended Bill of Costs [DE 73-1] is **ACCEPTED;** and

3) that **COSTS ARE TAXED** against Plaintiff in the amount of $3,810.86.

This the 19th day of December, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge