UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| CHARLES DENVER BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No. |
| v. | ) | 5:10-cv-188-JMH |
| | ) | |
| BAKER, DICKINSON AND COMPANY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |
| | ) | |
| | ) | |

\*\*\*

This matter is before the Court upon *motions in limine* filed by both parties. Defendant has filed a motion to exclude evidence of Plaintiff's attempts to mitigate damages between September 4, 2008 and August 19, 2009. [D.E. 40]. Plaintiff has filed a motion to exclude from trial all documents, including e-mails, that have not been previously disclosed during discovery, a motion to exclude the document labeled DEF 29223, and a motion to exclude the testimony of Dan Routh. [D.E. 41]. Having been fully briefed, these motions are ripe for the Court's review.

**A. Motion to Exclude Evidence of Plaintiff's Mitigation Attempts**

Defendant moves to exclude evidence of Plaintiff's mitigation attempts from September 4, 2008 to August 19, 2009 because Defendant has not been provided any record of these attempts. Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure requires that "a party must, without awaiting a

1

discovery request, provide to the other parties: . . . a computation of each category of damages claimed by the disclosing party . . . [including] the documents or other evidentiary material . . . on which each computation is based." Fed. R. Civ. P. 26(a)(1)(A)(iii). Additionally, at Plaintiff's deposition, these records were specifically requested by Defendant and Plaintiff agreed to provide the records. [D.E. 49-1, at 347-48]. Plaintiff does not dispute that Plaintiff has not provided Defendant with the documents pertaining to Plaintiff's mitigation efforts from September 4, 2008 to August 19, 2009. [D.E. 49]. "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . at trial." Fed. R. Civ. P. 37(c)(1). Thus, Defendant's motion is granted.

**B. Motion to Exclude Previously Undisclosed Documents**

Plaintiff moves to exclude all previously undisclosed documents, including e-mails. Plaintiff's Reply [D.E. 52] clarifies that Plaintiff is not attempting to exclude the specific e-mail referenced in its motion [D.E. 41] and disclosed and introduced during the Deposition of Mike Nugent. Thus, Plaintiff is merely asking the Court to exclude all documents not disclosed in discovery. This is an evidentiary issue better suited for trial. Therefore, the Court will address any objection to the introduction of a specific document not

2

disclosed during discovery at trial. Plaintiff's motion is denied.

**C. Motion to Exclude the Document Labeled DEF 29223**

Plaintiff moves to exclude the document labeled DEF 29223 on the grounds that it is unauthenticated hearsay. [D.E. 41]. This is also an objection better suited for trial. Plaintiff may object to the introduction of this document at trial if Plaintiff believes the document has not been properly authenticated or is hearsay not meeting an applicable hearsay exception. Thus, Plaintiff's motion is denied.

**D. Motion to Exclude the Testimony of Dan Routh**

Plaintiff seeks to exclude the testimony of Dan Routh, who has information surrounding Plaintiff's termination at Woodford Equine Hospital, Plaintiff's employer subsequent to Defendant. "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence about Plaintiff's subsequent employment is wholly irrelevant to whether Defendant discriminated against Plaintiff. Therefore, this motion is granted.

Accordingly, for the foregoing reasons, **IT IS ORDERED** as follows:

(1) that Defendant's motion to exclude evidence of Plaintiff's attempts to mitigate damages between September 4,

3

2008 and August 19, 2009 [D.E. 40] be, and the same hereby is, **GRANTED**;

(2) that Plaintiff's motion to exclude from trial all documents, including e-mails, that have not been previously disclosed in discovery [D.E. 41] be, and the same hereby is, **DENIED**;

(3) that Plaintiff's motion to exclude the document labeled DEF 29223 [D.E. 41] be, and the same hereby is, **DENIED**;

(4) that Plaintiff's motion to exclude the testimony of Dan Routh [D.E. 41] be, and the same hereby is, **GRANTED**.

This the day of 11th September, 2013.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

4